Denis F. Shanagher, State Bar No. 100222
William L. Marchant, State Bar No. 154445
MCKENNA LONG & ALDRIDGE LLP
One Market Street, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone No.: 415.356.4600
Fax No.: 415.356.3886
email: dshanagher@mckennalong.com

Attorneys for Plaintiff Landmark American Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY; an Oklahoma Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **'14CV0780 L    BLM**<br><br>**COMPLAINT**<br><br>1. **Equitable Indemnity**<br><br>2. **Contribution**<br><br>3. **Declaratory Relief** |

Plaintiff LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") for its Complaint herein, alleges as follows:

<u>GENERAL ALLEGATIONS</u>

**Jurisdiction and Venue**

1. Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332, based upon complete diversity of citizenship between Plaintiff and Defendant. Jurisdiction is also proper under 28 U.S.C. § 2201, as Plaintiff in part seeks a declaratory judgment. The amount in controversy exceeds $75,000, exclusive of interests and costs, as will more fully appear herein.

2. Pursuant to 28 U.S.C. § 1391, venue of this action is proper within this District, as the events giving rise to the claims alleged herein took place within this District.

## The Parties

3. Plaintiff Landmark is now, and at all relevant times herein was, an Oklahoma Stock Company authorized and doing business in the State of California, with its principal place of business in Atlanta, GA.

4. Plaintiff is informed and believes, and thereon alleges, that defendant LIBERTY SURPLUS INSURANCE CORPORATION (hereinafter "LSIC" or "Defendant") is a corporation incorporated in the State of New Hampshire and authorized to do business in California.

## The Insurance Policy

5. Landmark issued a policy of commercial general liability insurance to Vision Systems Inc. ("Vision Systems") effective for the period December 31, 2006 to December 31, 2007, with limits of $1 million per occurrence and $2 million in the aggregate for Products-Completed Operations, and a $5,000 per claim deductible, policy no. LHA130991. Thereafter, Landmark issued a renewal policy of commercial general liability insurance to Vision Systems effective for the period December 31, 2007 to December 31, 2008, with limits of $1 million per occurrence and $2 million in the aggregate for Products-Completed Operations, and a $5,000 per claim deductible, policy no. LHA132543. The two Landmark Policies referenced above are hereinafter collectively referred to as (the "Landmark Policies").

6. Thereafter, LSIC issued a policy of commercial general liability insurance to Vision Systems effective for the period December 31, 2008 to December 31, 2009, with limits of $1 million per occurrence and $2 million in the aggregate for Products-Completed Operations, and a $5,000 per claim deductible, policy no. DGLLA207523018 (the "LSIC Policy").

7. Vision Systems is a defendant and cross-defendant in an underlying action entitled *MetroWork Condominium Association v. Swinerton Builders, et.al.* San Diego County Superior Court No. 37-2012-00103350-CU-CD-CTL (the "Underlying Lawsuit"), in which Vision Systems Inc. is alleged to have caused or contributed to certain construction defects and related property damage arising out of the construction of a nine-story office condominium building located at 1337 India Street in San Diego, California (the "Project"), including but not limited to the installation of the glass and glazing on the Project (the "Work"). The claimed damages to date exceed $1,000,000.

8. The Work of Vision Systems was performed pursuant to a Subcontract Agreement with Swinerton Builders ("Swinerton") dated September 8, 2005, and was substantially complete as of June 15, 2007. In the Underlying Lawsuit, the plaintiff MetroWork Condominium Association did not obtain control of the Project until June 19, 2010, and did not discover the alleged construction defects and "property damage" until November of 2010 and August of 2011, at the earliest.

9. Landmark is providing Vision Systems with a defense in the Underlying Lawsuit under the terms of the Landmark Policies, and pursuant to a Reservation of Rights. Commencing on or about January 31, 2012, numerous tenders of the defense of Vision Systems have been made to LSIC, seeking LSIC's participation in the defense of Vision Systems in the Underlying Lawsuit under the terms of the LSIC Policy. To date, LSIC has failed and refused to participate in the defense of Vision Systems in the Underlying Lawsuit, despite an obligation to do so.

10. Landmark is also participating in and contributing to the defense of Swinerton pursuant to additional insured obligations arising under the terms of the relevant Subcontract Agreement and the Landmark Policies, subject to a Reservation of Rights. On information and belief, numerous tenders of the defense of Swinerton have been made to LSIC, seeking LSIC's participation in the defense of Swinerton in the Underlying Lawsuit under the terms of the LSIC Policy. To date, LSIC has failed and refused to participate in the defense of Swinerton in the Underlying Lawsuit, despite an obligation to do so.

## FIRST CAUSE OF ACTION

### Equitable Indemnity

11. Landmark incorporates and re-alleges the allegations of paragraphs 1-10 as if fully set forth herein.

12. Defendant LSIC has a separate and independent legal and contractual responsibility to defend and indemnify Vision Systems and Swinerton in the Underlying Lawsuit.

13. Landmark, having paid defense fees and costs to defend Vision Systems and Swinerton in the Underlying Lawsuit in excess of $150,000 to date, and if and to the extent Landmark pays indemnity sums on behalf of Vision Systems and/or Swinerton to resolve the Underlying Lawsuit, is

entitled to be reimbursed and indemnified by Defendant LSIC for said defense and indemnity payments paid on behalf of Vision Systems and/or Swinerton.

WHEREFORE, Landmark prays for judgment against Defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Equitable Contribution

14. Landmark incorporates and re-alleges the allegations of paragraphs 1-13 as if fully set forth herein.

15. Defendant LSIC has separate and independent responsibilities to defend and indemnify Vision Systems and Swinerton in the Underlying Lawsuit, and is therefore obligated under its insurance policy to pay an equitable portion of the defense fees and costs and any settlement or judgment sums paid by Landmark on behalf of Vision Systems and/or Swinerton in the Underlying Lawsuit.

16. The defense fees and costs and any indemnity sums paid by Landmark in the Underlying Lawsuit are not obligations primarily held by Landmark, but rather are the primary responsibility of LSIC.

17. As a result of the foregoing, Landmark is equitably entitled to recover from Defendant LSIC that portion of the defense fees and costs and any indemnity sums it owes in relation to its specific obligations under its insurance policy issued to Vision Systems.

WHEREFORE, Landmark prays for judgment against Defendants as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Declaratory Relief

18. Landmark incorporates and re-alleges the allegations of paragraphs 1-17 as if fully set forth herein.

19. Landmark is informed and believes, and on that basis alleges that the LSIC Policy obligates LSIC to defend and indemnify Vision Systems and/or Swinerton in the Underlying Lawsuit.

20. An actual controversy has arisen and now exists between Landmark and LSIC in that Landmark contends that LSIC had and has an obligation to defend and indemnify Vision Systems and/or Swinerton in the Underlying Lawsuit, and that Landmark is further entitled to reimbursement

from LSIC of some or all of its defense expenses and any indemnity payments made on behalf of Vision Systems and/or Swinerton to date. LSIC denies said contentions. Thus, an actual controversy has arisen and now exists between Landmark and LSIC, such that a judicial determination of that controversy is necessary and appropriate.

WHEREFORE, Landmark prays for judgment against Defendants, and each of them, as follows:

1. That Landmark recover from LSIC all of the fees and costs expended on behalf of Vision Systems and Swinerton in defense of the Underlying Lawsuit, or its equitable share thereof:

2. That Landmark recover from LSIC any and all sums paid in settlement of the Underlying Lawsuit on behalf of Vision Systems and/or Swinerton, or its equitable share thereof;

3. That the Court declare and adjudicate the rights and duties of the parties with respect to the controversy described herein, and that said adjudication be that LSIC, pursuant to the LSIC Policy covering Vision Systems and/or Swinerton, owes a duty to reimburse Landmark for all or an equitable portion of the defense fees and costs and any indemnity payments made by Landmark in reference to the Underlying Lawsuit;

4. For pre-judgment interest;

5. For costs of suit incurred herein, including attorneys fees if and where appropriate;

6. For such other and further relief as the Court may deem just and proper.

DATED: April 2, 2014                MCKENNA LONG & ALDRIDGE LLP

                                    By: _____
                                    Denis F. Shanagher, Esq.
                                    Attorneys for Plaintiff Landmark American Insurance Company

USW 804327496.1