McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Patrick Fredette, #207284
Brandon M. Fish, #203880
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant,
LIBERTY SURPLUS INSURANCE
CORPORATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Landmark American Insurance Company; an Oklahoma Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Liberty Surplus Insurance Corporation; and DOES 1-20 inclusive,<br><br>Defendant. | Case No. 3:14-CV-00780-L-BLM<br><br>**LIBERTY SURPLUS INSURANCE CORPORATION'S ANSWER TO COMPLAINT** |

Liberty Surplus Insurance Corporation ("LSIC"), for its answer and affirmative defenses to the Complaint of Landmark American Insurance Company ("Landmark"), asserts:

## GENERAL ALLEGATIONS

### Jurisdiction and Venue

1.  LSIC is without sufficient information to form a belief as to the veracity of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.  LSIC is without sufficient information to form a belief as to the veracity of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

### THE PARTIES

3.  LSIC is without sufficient information to form a belief as to the veracity of

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3:14-CV-00780-L-BLM

LIBERTY SURPLUS INSURANCE CORPORATION'S ANSWER TO COMPLAINT

the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4.   LSIC admits the allegations in Paragraph 4 of the Complaint.

## THE INSURANCE POLICY

5.   Paragraph 5 of the Complaint refers to written documents the content of which speak for themselves. LSIC is otherwise without sufficient information to form a belief as to the veracity of the allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.   Paragraph 6 of the Complaint refers to a written document the content of which speaks for itself, but LSIC otherwise admits the allegations in Paragraph 6 of the Complaint.

7.   Paragraph 7 of the Complaint refers to public documents the content of which speaks for themselves. LSIC otherwise admits that Vision Systems, Inc. ("Vision Systems"), is a defendant and cross-defendant in an action entitled, *Metro Work Condominium Association v. Swinerton Builders,* et al., San Diego County Superior Court Case No. 37-2012-00103350-CU-CD-CTL ("Underlined Lawsuit"). LSIC is without sufficient information to form a belief as to the veracity of any remaining allegations in Paragraph 7 of the Complaint, and therefore denies them.

8.   Paragraph 8 of the Complaint refers to a document the content of which speaks for itself. LSIC is otherwise without sufficient information to form a belief as to the veracity of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9.   LSIC denies that the Underlying Lawsuit is covered under the terms of the LSIC policy, and thus LSIC denies that it has a duty to defend. LSIC is without sufficient information to form a belief as to the veracity of the remaining allegations in Paragraph 9 of the Complaint, and therefore denies them.

10.   LSIC denies that the Underlying Lawsuit is covered under the terms of the LSIC policy, and thus LSIC denies that it has an obligation to defend. LSIC is without sufficient information to form a belief as to the veracity of the remaining allegations in

Paragraph 10 of the Complaint, and therefore denies them.

## FIRST CAUSE OF ACTION
### Equitable Indemnity

11.   In response to Paragraph 11 of the Complaint, LSIC restates and incorporates by reference its responses to Paragraphs 1 through 10 above as if fully set forth here.

12.   LSIC denies the allegations in Paragraph 12 of the Complaint.

13.   LSIC denies that Landmark is entitled to be reimbursed and/or indemnified by LSIC for any defense and/or indemnity payments made by Landmark in relation to the Underlying Lawsuit, whether on behalf Vision Systems and/or Swinerton Builders ("Swinerton"). LSIC is without sufficient information to form a belief as to the veracity of any remaining allegations in Paragraph 13 of the Complaint, and therefore denies them.

## SECOND CAUSE OF ACTION
### Equitable Contribution

14.   In response to Paragraph 14 of the Complaint, LSIC restates and incorporates by reference its responses to Paragraphs 1 through 13 above as if fully set forth here.

15.   LSIC denies the allegations in Paragraph 15 of the Complaint.

16.   LSIC denies the allegations in Paragraph 16 of the Complaint.

17.   LSIC denies the allegations in Paragraph 17 of the Complaint.

## THIRD CAUSE OF ACTION
### Declaratory Relief

18.   In response to Paragraph 18 of the Complaint, LSIC restates and incorporates by reference its responses to Paragraphs 1 through 17 above as if fully set forth here.

19.   LSIC denies the allegations in Paragraph 19 of the Complaint.

20.   LSIC admits that Landmark alleges that: (1) LSIC has an obligation to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

3:14-CV-00780-L-BLM

LIBERTY SURPLUS INSURANCE CORPORATION'S ANSWER TO COMPLAINT

defend and indemnify Vision Systems and/or Swinerton in the Underlying Lawsuit; and that (2) Landmark is entitled to reimbursement from LSIC for some or all of the defense expenses and any indemnity payments made on behalf of Vision Systems and/or Swinerton in the Underlying Lawsuit. LSIC admits that it denies Landmark's allegations, as LSIC has no obligation to defend or indemnify Vision Systems and/or Swinerton in the Underlying Lawsuit. LSIC thus also admits that an actual controversy has arisen and now exists between Landmark and LSIC and that a judicial determination of that controversy is appropriate. LSIC is without sufficient information to form a belief as to the veracity of any remaining allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. LSIC denies any and all other allegations not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

1. The Complaint and the causes of action alleged therein do not state a claim against LSIC upon which relief can be granted.

2. The Complaint is barred, in whole or in part, based on the terms, conditions, definitions and exclusions of the LSIC policy.

3. The Complaint is barred, in whole or in part, because Swinerton does not qualify as an additional insured under the LSIC policy.

4. The Complaint is barred, in whole or in part, because of the absence of "property damage" as defined in the LSIC policy, and/or because any alleged "property damage" occurred outside the LSIC policy period.

5. The Complaint is barred, in whole or in part, because any alleged "property damage," if any, was not caused by an "occurrence" as defined in the LSIC policy.

6. The Complaint is barred, in whole or in part, because any alleged "property damage" occurred prior to the inception of the LSIC policy.

7. The Complaint is barred, in whole or in part, pursuant to the "Known

Injury or Loss" exclusion in the LSIC policy.

8. The Complaint is barred, in whole or in part, pursuant to the "Contractual Liability" exclusion in the LSIC policy.

9. The Complaint is barred, in whole or in part, pursuant to the "Damage to Your Work" exclusion in the LSIC policy.

10. The Complaint is barred, in whole or in part, to the extent the "Damage to Your Product" exclusion in the LSIC policy is determined to apply.

11. The Complaint is barred, in whole or in part, to the extent the "Impaired Property" Exclusion in the LSIC policy is determined to apply.

12. The Complaint is barred, in whole or in part, to the extent the "EIFS" exclusion in the LSIC policy is determined to apply.

13. The Complaint is barred, in whole or in part, to the extent the "Professional Liability" exclusion in the LSIC policy is determined to apply.

14. The Complaint is barred, in whole or in part, to the extent the "Mold, Mildew or Fungus" exclusion in the LSIC policy is determined to apply.

15. The Complaint is barred, in whole or in part, to the extent the "Wrap-Up" exclusion in the LSIC policy is determined to apply.

16. The Complaint is barred, in whole or in part, because the Underlying Lawsuit was not tendered to LSIC.

17. LSIC has no obligation under the LSIC policy in relation to the Underlying Lawsuit. However, to the extent it is determined that LSIC has any obligation, if at all, LSIC's obligation is limited by application of the "Other Insurance" clause in the LSIC policy.

18. LSIC reserves the right to assert any additional affirmative defenses that may become apparent through discovery, including additional terms, conditions, and exclusions in the LSIC policy. Thus, LSIC does not waive the right to assert any additional affirmative defenses.

WHEREFORE, having fully answered, LSIC prays that the Court:

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5                                3:14-CV-00780-L-BLM
LIBERTY SURPLUS INSURANCE CORPORATION'S ANSWER TO COMPLAINT

1. Dismiss Landmark's Complaint against LSIC at Landmark's cost;
2. Declare that the LSIC policy does not afford coverage to Vision Systems and/or Swinerton in regard to the Underlying Lawsuit and thus LSIC has no obligation to pay any sums to Landmark in relation to the Underlying Lawsuit; and
3. Award such additional and further relief as the Court deems just.

Dated: June 4, 2014

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Patrick Fredette
Patrick Fredette
Brandon M. Fish
Attorneys for Defendant,
LIBERTY SURPLUS INSURANCE CORPORATION

2942046.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On June 4, 2014, I served true copies of the following document(s) described as **LIBERTY SURPLUS INSURANCE CORPORATION'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Dennis F. Shanagher,
William L. Marchant, MCKENNA LONG & ALDRIDGE, LLP
One Mark Street, Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone: 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
Fax: 415-356-3886
Email: dshanagher@mckennalong.com

Attorney for Plaintiff,
LANDMARK AMERICAN INSURANCE COMPANY

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 4, 2014, at Fresno, California.

_____
Jodi Swisher

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3:14-CV-00780-L-BLM
LIBERTY SURPLUS INSURANCE CORPORATION'S ANSWER TO COMPLAINT